UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                  :

       - v. -                             :

CLIFFORD MOSS,                            :

          Defendant.                    :

- - - - - - - - - - - - - - - - - x

**SEALED
INFORMATION**

17 Cr. \_\_\_\_ (JMF)

## COUNT ONE
### (Racketeering Conspiracy)

The United States Attorney charges:

### The Enterprise

1.   At all times relevant to this Information, CLIFFORD MOSS, the defendant, and others known and unknown, were members and associates of the Genovese Family of La Cosa Nostra (the "Genovese Family" or the "Enterprise"), a criminal organization whose members and associates engaged in, among other activities, extortion, unlawful kickback payments, honest services fraud, and other crimes.

2.   La Cosa Nostra, also known as the "Mob" or the "Mafia," operated through entities known as "Families." Five of the Families operated in the New York City area, namely, the Genovese Organized Crime Family of LCN, the Gambino Organized Crime Family of LCN, the Lucchese Organized Crime Family of LCN, the Colombo Organized Crime Family of LCN, and the Bonanno Organized Crime Family of LCN.

3.    The Genovese Family, including its leadership, membership, and associates, constituted an "enterprise," as that term is defined in Title 18, United States Code, Section 1961(4) -- that is, a group of individuals associated in fact.  This enterprise was engaged in, and its activities affected, interstate and foreign commerce.  The Genovese Family was an organized criminal group based in New York City that operated in the Southern District of New York and elsewhere and constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

4.    Members of the Enterprise engaged in criminal activity, such as extortion, loansharking, gambling, robbery, narcotics trafficking, assaults, murders, unlawful payments, honest services fraud, and other crimes.  Members of the Enterprise sought to preserve and augment the power, territory, and financial profits of the Enterprise through intimidation, and threats of economic harm.

### Purposes of the Enterprise

5.    The purposes of the Enterprise included the following:

a.    Preserving and protecting the power, territory, and profits of the Enterprise through extortion, solicitation of unlawful kickback payments, and honest services fraud.

2

      b.    Promoting and enhancing the Enterprise and the activities of its members and associates.

      c.    Keeping victims and potential victims in fear of the Enterprise and its members and associates through acts and threats of retribution.

      d.    Providing assistance to members and associates who committed crimes for and on behalf of the Enterprise.

      e.    Enriching the members and associates of the Enterprise through, among other things, extortion and the extraction of unlawful payments, such as kickbacks.

Means and Methods of the Enterprise

6.    Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

      a.    Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of extortion, solicitation of unlawful kickback payments, and honest services fraud to enrich the Enterprise and its members.

      b.    Members and associates of the Enterprise used threats of economic harm and potential physical violence against other members and associates to enforce and maintain discipline within the Enterprise.

## The Racketeering Conspiracy

7.    From at least in or about 2006, up to and including in or about 2015, in the Southern District of New York and elsewhere, CLIFFORD MOSS, the defendant, and others known and unknown being persons employed by and associated with the enterprise described in Paragraphs One through Six of this Information, to wit, the Genovese Family, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Genovese Family, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity consisting of multiple acts indictable under:

a.    Title 18, United States Code, Sections 1954 (offer, acceptance, or solicitation to influence operations of employee benefit plan) and 2;

b.    Title 18, United States Code, Sections 1343 (wire fraud, including honest services fraud, as defined in 18 U.S.C. § 1346) and 2; and

c.    Title 18, United States Code, Sections 1341 (mail fraud, including honest services fraud, as defined in 18 U.S.C. § 1346) and 2.

4

8.   It was a part of the conspiracy that the defendant
agreed that a conspirator would commit at least two acts of
racketeering activity in the conduct of the affairs of the
Enterprise.

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO
### (Conspiracy to Commit Honest Services Fraud – Annuity Scheme)

The United States Attorney further charges:

9.   From at least in or about 2006, up to and including in
or about 2015, in the Southern District of New York and
elsewhere, CLIFFORD MOSS, the defendant, and others known and
unknown, willfully and knowingly did combine, conspire,
confederate, and agree with others to violate Title 18, United
States Code, Sections 1341, 1343, and 1346.

10.  It was a part and an object of the conspiracy that
CLIFFORD MOSS, the defendant, and others known and unknown,
willfully and knowingly, having devised and intending to devise
a scheme and artifice to defraud, and to deprive members of
Local 1-D and 2-D of the United Food and Commercial Workers'
Union (the "UFCW Local Unions") and participants of employee
benefit plans, established and maintained by the UFCW Local
Unions, of their intangible right to the honest services of
certain officers (the "Officers") of the UFCW Local Unions and
affiliated employee benefit plans, would and did transmit and

cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, MOSS agreed to pay kickbacks to the Officers, and an associate of the Officers, if they placed employee benefit plan funds in investments brokered by MOSS.

11.   It was further a part and an object of the conspiracy that CLIFFORD MOSS, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and to deprive members of the UFCW Local Unions and participants of employee benefit plans, established and maintained by the UFCW Local Unions, of their intangible right to the honest services of the Officers, for the purpose of executing such scheme and artifice to defraud and attempting to do so, would and did place and cause to be placed in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and would and did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and would and did take and receive and cause to be taken and received therefrom, such matters and things, and would and did cause to be delivered by mail and such carriers, according to the direction thereon, and

at the places at which they were directed to be delivered by the person to whom they were addressed, such matters and things, in violation of Title 18, United States Code, Sections 1341 and 1346, to wit, MOSS agreed to pay kickbacks to the Officers, and an associate of the Officers, if they placed employee benefit plan funds in investments brokered by MOSS.

(Title 18, United States Code, Section 1349.)

### COUNT THREE
### (Bribery Affecting an Employee Benefit Plan – Annuity Scheme)

The United States Attorney further charges:

12.   From at least in or about 2006, up to and including in or about 2015, in the Southern District of New York and elsewhere, CLIFFORD MOSS, the defendant, did directly and indirectly give, offer, and promise to give and offer fees, kickbacks, commissions, gifts, loans, money and other things of value to persons who were administrators, officers, trustees, and agents of employee benefit plans subject to Title I of the Employee Retirement Income Security Act (29 U.S.C. § 1001, et seq.) and officers, agents and employees of employee organizations whose members were covered by such plans, with the intent to influence the actions, decisions, and other duties of such persons relating to questions and matters concerning such plans, in violation of Section 1954 of Title 18 of the United States Code, to wit, MOSS agreed to pay kickbacks to such

persons, and an associate of such persons, if they invested employee benefit plan funds in investments brokered by MOSS.

(Title 18, United States Code, Sections 1954 and 2.)

## COUNT FOUR
### (Conspiracy to Commit Honest Services Fraud – Medical Plan Scheme)

The United States Attorney further charges:

13. From at least in or about 2014, up to and including in or about 2015, in the Southern District of New York and elsewhere, CLIFFORD MOSS, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree with others to violate Title 18, United States Code, Sections 1341, 1343, and 1346.

14. It was a part and an object of the conspiracy that CLIFFORD MOSS, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and to deprive members of Local 1-D of the United Food and Commercial Workers' Union ("Local 1-D") and participants of an employee benefit plan, established and maintained by Local 1-D, of their intangible right to the honest services of a certain officer (the "Local 1-D Officer") of Local 1-D and an affiliated employee benefit plan, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce,

8

writings, signs, signals, pictures, and sounds for the purpose
of executing such scheme and artifice, in violation of Title 18,
United States Code, Section 1343, to wit, MOSS agreed to pay
kickbacks to the Local 1-D Officer if the Local 1-D Officer
appointed MOSS to serve as an insurance broker for a Local 1-D
medical insurance plan.

15.   It was further a part and an object of the conspiracy
that CLIFFORD MOSS, the defendant, and others known and unknown,
willfully and knowingly, having devised and intending to devise
a scheme and artifice to defraud, and to deprive members of
Local 1-D and participants of an employee benefit plan,
established and maintained by Local 1-D, of their intangible
right to the honest services of the Local 1-D Officer, for the
purpose of executing such scheme and artifice to defraud and
attempting to do so, would and did place and cause to be placed
in a post office and authorized depository for mail matter,
matters and things to be sent and delivered by the Postal
Service, and would and did deposit and cause to be deposited
matters and things to be sent and delivered by private and
commercial interstate carriers, and would and did take and
receive and cause to be taken and received therefrom, such
matters and things, and would and did cause to be delivered by
mail and such carriers, according to the direction thereon, and
at the places at which they were directed to be delivered by the

person to whom they were addressed, such matters and things, in violation of Title 18, United States Code, Sections 1341 and 1346, to wit, MOSS agreed to pay kickbacks to the Local 1-D Officer if the Local 1-D Officer appointed MOSS to serve as an insurance broker for a Local 1-D medical insurance plan.

(Title 18, United States Code, Section 1349.)

### COUNT FIVE
### (Bribery Affecting an Employee Benefit Plan – Medical Plan Scheme)

The United States Attorney further charges:

16.   From at least in or about 2014, up to and including in or about 2015, in the Southern District of New York and elsewhere, CLIFFORD MOSS, the defendant, did directly and indirectly give, offer, and promise to give and offer fees, kickbacks, commissions, gifts, loans, money and other things of value to persons who were administrators, officers, trustees, and agents of employee benefit plans subject to Title I of the Employee Retirement Income Security Act (29 U.S.C. § 1001, et seq.) and officers, agents and employees of employee organizations whose members were covered by such plans, with the intent to influence the actions, decisions, and other duties of such persons relating to questions and matters concerning such plans, in violation of Section 1954 of Title 18 of the United States Code, to wit, MOSS agreed to pay kickbacks to the Local

1-D Officer if the Local 1-D Officer appointed MOSS to serve as

an insurance broker for a Local 1-D medical insurance plan.

(Title 18, United States Code, Sections 1954 and 2.)

## COUNT SIX
### (Conspiracy to Commit Honest Services Fraud -
### Disability Plan Scheme)

The United States Attorney further charges:

17.    In or about 2015, in the Southern District of New York

and elsewhere, CLIFFORD MOSS, the defendant, and others known

and unknown, willfully and knowingly did combine, conspire,

confederate, and agree with others to violate Title 18, United

States Code, Sections 1341, 1343, and 1346.

18.    It was a part and an object of the conspiracy that

CLIFFORD MOSS, the defendant, and others known and unknown,

willfully and knowingly, having devised and intending to devise

a scheme and artifice to defraud, and to deprive members of

Local 1-D of their intangible right to the honest services of

the Local 1-D Officer, would and did transmit and cause to be

transmitted by means of wire communication in interstate and

foreign commerce, writings, signs, signals, pictures, and sounds

for the purpose of executing such scheme and artifice, in

violation of Title 18, United States Code, Section 1343, to wit,

MOSS agreed to pay kickbacks to the Local 1-D Officer if the

Local 1-D Officer used his position as an officer of Local 1-D

to have MOSS appointed to serve as an insurance agent for a
disability plan sponsored by Local 1-D and in which members of
Local 1-D were enrolled through their employers.

    19.  It was further a part and an object of the conspiracy
that CLIFFORD MOSS, the defendant, and others known and unknown,
willfully and knowingly, having devised and intending to devise
a scheme and artifice to defraud, and to deprive members of
Local 1-D of their intangible right to the honest services of
the Local 1-D Officer, for the purpose of executing such scheme
and artifice to defraud and attempting to do so, would and did
place and cause to be placed in a post office and authorized
depository for mail matter, matters and things to be sent and
delivered by the Postal Service, and would and did deposit and
cause to be deposited matters and things to be sent and
delivered by private and commercial interstate carriers, and
would and did take and receive and cause to be taken and
received therefrom, such matters and things, and would and did
cause to be delivered by mail and such carriers, according to
the direction thereon, and at the places at which they were
directed to be delivered by the person to whom they were
addressed, such matters and things, in violation of Title 18,
United States Code, Sections 1341 and 1346, to wit, MOSS agreed
to pay kickbacks to the Local 1-D Officer if the Local 1-D
Officer used his position as an officer of Local 1-D to have

MOSS appointed to serve as an insurance agent for a disability plan sponsored by Local 1-D and in which members of Local 1-D were enrolled through their employers.

(Title 18, United States Code, Section 1349.)

## FORFEITURE ALLEGATION AS TO COUNT ONE

20. The allegations contained in Count One of this Information are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to CLIFFORD MOSS, the defendant, that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of any of the defendant's conviction under Count One of this Information.

21. CLIFFORD MOSS, the defendant:

a. has acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

b. has an interest in, security of, claim against, and property and contractual rights which afford a source of

13

influence over, the Enterprise named and described herein which the above-named defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and/or

c.    has property constituting and derived from proceeds obtained, directly and indirectly, from the aforesaid racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

22.    The interests of the above-named defendant subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a) include the amount of gross proceeds received by the defendant derived from racketeering activities as alleged in Count One of this Information.

**FORFEITURE ALLEGATIONS AS TO COUNTS TWO THROUGH SIX**

23.    As a result of committing the offenses alleged in Counts Two, Three, Four, Five, and Six of this Information, CLIFFORD MOSS, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any and all property, real and personal, which

14

constitutes or is derived from proceeds traceable to the violations alleged in Counts Two, Three, Four, Five, and Six.

<u>SUBSTITUTE ASSET PROVISION</u>

24.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third person;

      c.   has been placed beyond the jurisdiction of the Court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, (i) with respect to Count One, pursuant to Title 18, United States Code, Section 1963(m), and Title 28, United States Code, Section 2461, and (ii) with respect to Counts Two and Three, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code,

Section 2461, to seek forfeiture of any other property of the

defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 1963;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
JOON H. KIM
Acting United States Attorney

16

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

**- v. -**

**CLIFFORD MOSS,**

**Defendant.**

---

**INFORMATION**

17 Cr. _____ (JMF)

(18 U.S.C. §§ 1349, 1954, 1962, and 2.)

---

JOON H. KIM
Acting United States
Attorney.

---